# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WINEBOW INC.,**

    Plaintiff-Counterclaim-Defendant,

  v.                                          Case No. 15-CV-225

**CAPITOL-HUSTING CO INC., and**
**L'EFT BANK WINE COMPANY LTD.,[1]**

    Defendants-Counterclaimants.

## ORDER

### Procedural Background

The plaintiff, Winebow, Inc., filed this action seeking declaratory judgment pursuant to 28 U.S.C. § 2201 that under the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. ch. 135, (1) Winebow's newly appointed distributor may continue to distribute its wines; (2) Winebow may terminate any and all remaining wine distribution relationships with defendants Capitol-Husting Co., Inc. and L'Eft Bank Wine Company Ltd; and (3) Winebow has no continuing obligations to the defendants, by way of contract, statute, or otherwise.

---

[1] The Court has amended the caption to reflect that the correct name of this entity is L'Eft Bank Wine Company Ltd. (*See* Ans. & CounterCl. ¶ 1-3, ECF No. 22.) Winebow is in apparent agreement regarding the entity's name. (*See* Ans. to CounterCl. at 1, ECF No. 23.)

On June 18, 2015, Judge Rudolph T. Randa denied the defendants' motion to dismiss for failure to state a claim, holding that "[w]ine is not intoxicating liquor in the context of the WFDL, and thus the defendants' business relationship with Winebow is not subject to the unilateral termination limitations of Chapter 135." (ECF No. 19, 10.)

In the wake of that decision, the defendants filed an answer and counterclaims alleging that the relationship between each of them and Winebow was a dealership under Wis. Stat. §§ 135.02(3)(a) and 135.02(3)(b), and that Winebow violated the WFDL and was liable for monetary damages. (ECF No. 22.) Winebow filed an answer to the counterclaims and a motion for judgment on the pleadings, seeking dismissal of the defendants' counterclaims with prejudice and entry of judgment in its favor. (ECF Nos. 23, 27).

After briefing was completed on the motion, the action was randomly reassigned to this Court due to the unavailability of Judge Randa, and the parties consented to magistrate judge jurisdiction over this action for all purposes including entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).

Having provided this procedural background, the Court addresses the motion for judgment on the pleadings. The motion is based largely on an expansive reading of Judge Randa's June 2015 decision, asserting that the WFDL's definition of intoxicating liquor precludes the defendants from having

2

any dealership relationship with Winebow. But such an expansive reading is unwarranted, particularly as the issue now raised by Winebow was not before the Court at the time of the June 2015 decision. Accordingly, the Court denies the motion and clarifies the June 2015 decision to remove any possible ambiguity as to the ability of defendants to pursue counterclaims under § 135.02(3)(a).

## Legal Standard

Rule 12(c) "permits a party to move for judgment after the complaint and answer have been filed by the parties." *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). The standard for judgment on the pleadings under Rule 12(c) is straightforward; judgment may be granted if the counterclaim fails to state "a claim that is plausible on its face," *St. John v. Cach, LLC,* 822 F.3d 388, 389 (7th Cir. 2016), meaning that the counterclaim needs "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *see id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Consideration of a motion under Fed. R. Civ. P. 12(c) requires "accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the [counterclaimants]." *Id.*

## Facts

Winebow, a Delaware corporation with its principal place of business in New Jersey, imports and distributes wine. Capitol-Husting and L'Eft-Bank are

3

Wisconsin corporations; each has its principal place of business in Wisconsin and is a wholesale distributor of wines in Wisconsin, including some imported by Winebow.

Pursuant to the parties' agreements, formed orally and through the course of business, Winebow granted Capitol-Husting and L'Eft Bank the exclusive right to sell and distribute specified Winebow products within particular geographic areas of Wisconsin and to specific customers. Capitol-Husting and L'Eft Bank, at Winebow's request, focused on a defined group of such products and on the development of the market for that group.

Winebow's products represented a commercially material percentage of each defendant's purchases, sales, and profits. Each defendant made substantial investments in its relationship with Winebow including, among other things:

> \*\*\*
>
> (b) Maintenance of a substantial inventory of Winebow wine products, with the substantial carrying charges that such maintenance entails, including wine products that [the defendant] would not have carried but for Winebow's desire that [the defendant] make a complete representation of the specified categories of [Winebow's] products available;
>
> (c) Engagement in promotional efforts in specific support of Winebow products, both in express collaboration with Winebow and on its own initiative;
>
> (d) Refusal to pursue certain other lines of wine products, in order to provide the level of commitment to, and focus upon, Winebow products that Winebow desired; and

4

> (e) Aggressive expansion of Winebow's presence in the geographic areas and product markets for which [the defendant] undertook the responsibility of selling Winebow wine products.

(ECF No. 22, 5-6.) At Winebow's request, Capitol-Husting also made payment to a third party to facilitate Winebow's effective access to parts of Wisconsin.

Eventually, Winebow changed its distribution structure and appointed new wholesaler importers for the wines the defendants had previously distributed. At that time, and before initiating this litigation, Winebow provided notice to Capitol-Husting and L'Eft Bank that it was terminating all business relationships with the company. Winebow did not provide either defendant with 90 days written notice of termination or with 60 days within which to cure any claimed deficiencies. Capitol-Husting had been a Winebow distributor for at least nine years; L'Eft Bank had been a distributor for more than six years.

## Analysis

Winebow asserts that defendants' counterclaims are foreclosed under law of the case doctrine. Specifically, Winebow characterizes the June 2015 decision in this case as holding that wine is not an intoxicating liquor under the WFDL and that, therefore, the business relationships between Winebow and defendants are not subject to the WFDL's unilateral termination provisions. Winebow also notes that defendants acknowledged as much in the Introduction to their counterclaims, which states that they "depend entirely on the premise that the Court's holding was mistaken." (*Id*. at 1.)

Defendants counter that the Court should reconsider or further explain the June 2015 decision. They contend that their business relationships were subject to the WFDL, or at least subject to its unilateral termination provisions. They also argue that to the extent the decision intended to encompass claims under §§ 135.02(3)(a) and (3)(b), it was mistaken.

Law of the case doctrine generally discourages courts from reopening issues decided in earlier stages of the same litigation. *Musacchio v. United States,* 136 S.Ct. 709, 716 (2016). But the doctrine only applies where a court actually decided the issue in question. *Universal Guar. Life Ins. Co. v. Coughlin,* 481 F.3d 458, 462 (7th Cir. 2007). *See also Zamora-Mallari v. Mukasey,* 514 F.3d 679, 695 (7th Cir. 2008); *Key v. Sullivan,* 925 F.2d 1056, 1061 (7th Cir. 1991).

Here, the briefs on the motion to dismiss and the June 2015 decision itself show that the issue before the Court at that time was limited to whether wine was an intoxicating liquor and thereby excluded from one of the definitions of "Dealership" found in the WFDL, Wis. Stat. § 135.02(3)(b). Not addressed by the Court was the issue now raised by defendants' counterclaim: Whether defendants can obtain relief under the WFDL by falling within a different part of the WFDL's definition of "Dealership," Wis. Stat. § 135.02(3)(a). The Court resolves this issue in favor of defendants.

As Winebow properly acknowledged in its brief opposing defendants' motion to dismiss, "[a]n entity that buys and resells wine, as Defendants here,

may only potentially qualify as a 'dealer' under § 135.02(3)(a), the sole definition of a 'dealership' prior to the [1999] Budget Bill." (ECF No. 15, 5.) This is true. The WFDL's definition of "Dealership" contains two provisions, one that generally includes dealers of any products or services who have a community of interest, and a second, later-added provision that is limited to dealers of intoxicating liquors. Wis. Stat. §§ 135.02(3)(a) & (3)(b). As such, whether wine dealers are excluded from the definition of intoxicating liquor, the sole issue addressed in the June 2015 decision, is irrelevant for purposes of applying § 135.02(3)(a), which makes no reference at all to intoxicating liquor. A plain reading of the statute confirms that wine dealers are not excluded from falling within § 135.02(3)(a), though there may be an issue down the road as to whether there existed here a "community of interest," an issue not addressed or resolved today.

To remove any potential ambiguity, the Court directs that its June 2015 decision be read as follows (edits in italics): "Wine is not intoxicating liquor in the context of the WFDL, and thus the Defendants' business relationship with Winebow *does not constitute a dealership under § 135.02(3)(b) and* is not subject to the unilateral termination limitations of Chapter 135 *on that basis*."

Accordingly, Winebow's motion for judgment on the pleadings is granted as to its reliance on § 135.02(3)(b), and denied with respect to its reliance on § 135.02(3)(a).

7

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Winebow's motion for judgment on the pleadings (ECF No. 27) is granted as to § 135.02(3)(b), and denied with respect to § 135.02(3)(a); and

**IT IS ALSO ORDERED** that the June 2015 decision is clarified to include the following italicized language:

"Wine is not intoxicating liquor in the context of the WFDL, and thus the Defendants' business relationship with Winebow *does not constitute a dealership under § 135.02(3)(b) and* is not subject to the unilateral termination limitations of Chapter 135 *on that basis.*"

Dated at Milwaukee, Wisconsin, this 9th day of September, 2016.

**BY THE COURT:**

s/ *David E. Jones*
DAVID E. JONES
United States Magistrate Judge